UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CAVALRY BROKERAGE, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:22-CV-356-TAV-JEM ) |
| ROBERT JONES, *et al.*, | ) ) |
| Defendants. | ) ) |

### **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiff's Motion for Extension of Time for Service of Summons [Doc. 12], in which Plaintiff requests a six-week extension, until February 17, 2023, to serve Defendant Robert Jones. Plaintiff states that it has attempted to serve Defendant Jones to no avail. It first attempted to serve Defendant Jones at his last known address in Tampa, Florida, but according to the leasing office, he was never approved for the lease and therefore never occupied the address [Doc. 12 ¶ 3]. "After a diligent search of property records, tax records, the Ohio Secretary State's website, and various media accounts," Plaintiff's counsel "requested service be attempted at the same location" he served Defendant RLJ Industries ("RLJ") [*Id.* ¶ 4]. Defendant RLJ's registered agent is New Day Management [*Id.*]. According to Plaintiff, "the individual who accepted service but refused to provide her name, as shown on Defendant RLJ's Proof of Service, is thought to be Defendant Jones'[s] mother and the address for New Day Management . . . is actually Defendant Jones'[s] mother's personal residence ('Ohio Residence')" [*Id.*; *see also* Doc.

10 p. 2]. Plaintiff attempted service on Defendant Jones at the Ohio Residence, but the individual told the process server that Defendant Jones was in Tampa, Florida [Doc. 12 ¶ 5].

At some point an unrelated party contacted Plaintiff's counsel stating that he/she had also been unable to serve Defendant Jones, and based upon information from an Ohio court, Defendant Jones was living out of various hotels [*Id.* ¶ 7]. Later, Plaintiff requested the process server agency to conduct a skip trace. Based on the results of the skip trace, "it appears as though Defendant Jones'[s] cell phone records indicated that his most recent location was in Cuyahoga Falls, Ohio[,] and the most likely address near the cell phone tower 'ping' is the same address as [the] Ohio Residence" [*Id.* ¶ 6]. Plaintiff is currently trying to serve Defendant Jones at the Ohio Residence. But if this attempt is unsuccessful, Plaintiff asserts that, in the light of the difficulties obtaining Defendant Jones's whereabouts, it will seek to serve him via publication. Plaintiff states that the original deadline to serve Defendant Jones is January 6, 2023,[1] and that it is impossible to serve Defendant Jones by publication prior to this deadline. Thus, Plaintiff requests an additional six weeks to serve Defendant Jones.

Plaintiff's request is governed under Rule 4(m) of the Federal Rules of Civil Procedure:

> **(m) Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1).

Fed. R. Civ. P. 4(m). The Sixth Circuit has explained that Rule 4(m) requires a two-step analysis when a plaintiff does not effect service within ninety days. *Stewart v. TVA*, 238 F.3d 424, 2000

---

[1] Plaintiff filed the Complaint on October 7, 2022 [Doc. 1]. Based on the Court's calculation, the deadline to serve Defendant Jones is January 5, 2023. *See* Fed. R. Civ. P. 4(m).

WL 1785749, at *1 (6th Cir. 2000) (table opinion). The Court must first determine whether the plaintiff has shown good cause for the failure to serve. *Id.* If the plaintiff has shown good cause, then the Court must grant the extension. *Id.*; *see also* Fed. R. Civ. P. 4(m). Whether a plaintiff has established good cause is within "the sound discretion of the district court." *Williams v. Smith*, No. 98-1700, 1999 WL 777654, at *1 (6th Cir. Sept. 17, 1999). If the plaintiff has not shown good cause, then the Court may either dismiss the action without prejudice or order that service be completed. *Id.*

The Court finds that Plaintiff has established good cause for the requested extension. Plaintiff took reasonable and diligent efforts to serve Defendant Jones as detailed above and has been unable to locate him. *Habib v. Gen. Motors Corp.*, 15 F.3d 72, 74 (6th Cir. 1994) ("To demonstrate good cause, other courts have held that a plaintiff may also show he/she made a reasonable and diligent effort to effect service." (collecting cases)). Given that Plaintiff has established good cause, the Court "must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Plaintiff has requested an additional six weeks to serve Defendant Jones. In light of the difficulties in locating Defendant Jones, the Court finds six weeks an appropriate extension of time.

For the reasons stated above, the Court **GRANTS** Plaintiff's Motion for Extension for Service of Summons [**Doc. 12**]. Plaintiff **SHALL** serve Defendant Jones on or before **February 17, 2023**.

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge