UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

CAVALRY BROKERAGE, INC. )
)
Plaintiff, )
)
v. )  No.:  3:22-CV-356-TAV-JEM
)
ROBERT JONES and RLJ INDUSTRIES, )
)
Defendants. )

## <u>ORDER</u>

This civil matter is before the Court on a Report and Recommendation ("R&R") entered by United States Magistrate Judge Jill E. McCook on July 10, 2026 [Doc. 40]. In the R&R, Judge McCook recommends that the Court grant in part and deny in part plaintiff's Renewed Motion for Damages, Attorney's Fees, and Costs [Doc. 36]. Specifically, Judge McCook recommends that the Court not award plaintiff compensatory damages for lost profit, redirected payments, and unpaid invoices, but that the Court should award plaintiff damages for credit card charges and accountant's fees [Doc. 40, pp. 6–8]. However, Judge McCook does not recommend trebling these awarded damages [*Id.* at 8].

As to attorney's fees, Judge McCook states that, given plaintiff has cited to no authority under which he would be entitled to such fees, the Court "could and should deny the request on that basis" [*Id.* at 8 n.3]. Furthermore, Judge McCook notes that, under the Lanham Act,[1] reasonable attorney's fees for the prevailing party are authorized

---

[1] The Lanham Act is plaintiff's primary, and only federal, claim [*See* Doc. 1 ¶¶ 31–39].

only in exceptional cases [*Id.* (citing 15 U.S.C. § 1117(a))]. And yet, plaintiff provided no argument as to why this case would be an exceptional one to warrant attorney's fees and costs [*Id.*].[2] Nonetheless, if the Court were to grant plaintiff's request for attorney's fees and costs, Judge McCook found plaintiff's requested amounts to be reasonable [*Id.* at 8–10].

There have been no timely objections to the R&R, and enough time has passed since the filing of the R&R to treat any objections as having been waived. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(d), 72(b).

After a careful, *de novo* review of the matter, the Court **ACCEPTS in part** the R&R [Doc. 40], with the exception that the Court here finds that costs are authorized under the Lanham Act without the showing of an exceptional case. *See* 15 U.S.C. § 1117(a) (providing that, for a violation of 15 U.S.C. § 1125(a), a plaintiff is entitled to "the costs of the action"). Therefore, the Court will accept the award amount for costs as recommended in the R&R [*See* Doc. 40, p. 9]. Accordingly, and in light of the above, plaintiff's Renewed Motion for Damages, Attorney's Fees, and Costs [Doc. 36] is **GRANTED in part** and **DENIED in part**. The Court will **ORDER** that plaintiff recover from defendants the total sum of $17,992.17 as detailed:

| Compensatory Damages | Costs | TOTAL |
|---|---|---|
| $16,642.10 | $1,350.07 | **$17,992.17** |

---

[2] While first only referencing attorney's fees, the R&R then groups attorney's fees together with costs when analyzing plaintiff's requests under the Lanham Act [*Id.* at 8 n.3].

2

There being no remaining matters before the Court, the Clerk of Court is **DIRECTED** to **CLOSE** this case. A separate judgment order will follow.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

3